IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Accor Franchising North America, LLC, a Delaware Limited Liability Company, | C/A No.: 0:12-2129-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| HR & F Hotel Group, LLC, a South Carolina Limited Liability Company; Randhir Maisuria, an Individual; and Heenaben B. Maisuria, an Individual, | |
| Defendants. | |

Accor Franchising North America, LLC ("Plaintiff"), filed this diversity action pursuant to 28 U.S.C. § 1332 alleging breach of franchise agreement, unjust enrichment, and an audit demand against HR & F Hotel Group, LLC ("HR & F"). [Entries #1, #9]. Plaintiff also asserts a claim for breach of personal guaranty against Randhir Maisuria and Heenaben B. Maisuria ("Individual Defendants") (together with HR & F, "Defendants"). *Id.* Defendants asserted counterclaims of breach of contract, unjust enrichment, and conversion. [Entry #17]. This matter comes before the court on Plaintiff's motion for summary judgment filed on July 16, 2013. [Entry #60].

On August 26, 2013, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). [Entry #82]. Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's

consideration. For the reasons that follow, the undersigned recommends the district court grant the motion.

I.      Factual and Procedural Background

Plaintiff, franchisor of the MOTEL 6 brand name, entered into a franchise agreement ("Franchise Agreement") with HR & F on July 25, 2008, to operate a Motel 6 at 2640 North Cherry Road, Rock Hill, York County, South Carolina ("Motel 6 #4415"). [Entry #60-3]. Pursuant to the Franchise Agreement, HR & F agreed to pay monthly royalty fees, a monthly marketing and reservation contribution, and other franchise-related fees ("Franchise Fees"). *Id.* at 7–9. The Franchise Agreement provides that it would automatically terminate upon (1) the filing of a foreclosure on the mortgage of Motel 6 #4415, or (2) the appointment of a receiver for Motel 6 #4415 or any of HR & F's assets or property. *Id.* at 24–25. Section 13.6 of the Franchise Agreement provides for the payment of not less than $75,000 in liquidated damages in the event the Franchise Agreement is terminated before the end of the franchise period of 15 years. *Id.* at 26–27, 44. Section 22.1 of the Franchise Agreement states that Texas law governs the performance and interpretation of its terms. *Id.* at 33. Separately, the Individual Defendants provided Plaintiff with a personal guaranty of HR & F's obligations under the Franchise Agreement ("Personal Guaranty"). *Id.* at 38–39. Pursuant to the Personal Guaranty, the Individual Defendants agreed to pay the costs, including attorneys' fees, incurred by Defendant in any action brought to enforce the Personal Guaranty. *Id.* at 38.

On May 26, 2010, a South Carolina state court judge appointed a receiver for

Motel 6 #4415 after foreclosure proceedings were instituted on the property's mortgage. [Entry #60-4]. On January 7, 2011,[1] Plaintiff notified HR & F that its Franchise Agreement was terminated in light of the foreclosure. [Entry #60-5 at 1–2]. In the termination letter, Plaintiff demanded payment of $13,438.96 in past due fees and $21,847.68 in liquidated damages. *Id.* at 1.

Plaintiff filed the complaint in this matter on July 30, 2012 [Entry #1], and filed the pending motion for summary judgment on July 16, 2013 [Entry #60]. Following the filing of Plaintiff's motion, Defendants' counsel moved to withdraw as counsel. [Entry #65]. Before ruling on the motion to withdraw, the court advised HR & F that if it failed to obtain new counsel by August 23, 2013, it would be held in default because a limited liability company may not proceed without counsel. [Entry #77]. HR & F failed to obtain new counsel and, on August 26, 2013, the court granted the motion to withdraw and directed the clerk to enter default against HR & F. [Entry #82]. That same day, the clerk entered default against HR & F. [Entry #84]. The court held that the case would proceed against the Individual Defendants and directed them to file a response to Plaintiff's motion for summary judgment by September 9, 2013. *Id.* The court noted that the Individual Defendants' failure to respond to the motion for summary judgment may result in summary judgment being granted as unopposed. *Id.* Notwithstanding the specific warning and instructions set forth in the court's order of August 26, 2013, the

---

[1] The letter reflects the date as January 5, 2010; however, the date appears to be a typographical error because the shipment receipt reflects delivery on January 7, 2011. [Entry #60-5 at 1–2].

3

Individual Defendants failed to timely respond to the motion.

On September 10, 2013, the undersigned issued a Report and Recommendation ("Report") that recommended, in light of the Individual Defendants' failure to respond to the motion for summary judgment, that Plaintiff's motion for summary judgment be granted as unopposed. [Entry #92]. The Individual Defendants, proceeding pro se, submitted a joint affidavit with attached exhibits after the Report was entered, but prior to the deadline for filing objections to the Report. [Entry #94]. Although untimely, the court construed the Individual Defendants' affidavit and exhibits as an opposition to Plaintiff's motion for summary judgment and remanded the motion to the undersigned. [Entry #95]. Plaintiff filed a timely reply/motion to strike[2] the Individual Defendants' affidavit and exhibits. [Entry #100]. The Individual Defendants filed a sur-reply. [Entry #107].

II.     Analysis

Because default has been entered against HR & F, there is no remaining dispute concerning its liability to Plaintiff. The remaining claims in this matter are Plaintiff's claim against the Individual Defendants for breach of their Personal Guaranty and the Individual Defendants' counterclaims against Plaintiff.[3] Plaintiff has moved for summary judgment on these remaining claims.

---

[2] Although styled as "Response, Objections, and Motion to Strike," the document filed at Entry #100 was docketed only as a reply in support of summary judgment.

[3] HR&F's default precludes its pursuit of counterclaims.

A.    Breach of Personal Guaranty

To recover under Texas law for breach of a guaranty, Plaintiff must establish: (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor. *Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 160 (Tex. App. 2013).

As an initial matter, the undersigned recommends granting Plaintiff's request to strike the specified portions of the Individual Defendants' affidavit/response that are inadmissible hearsay.[4] However, even considering the information that the Individual Defendants submit in their affidavit does not impact the summary judgment assessment. Much of the information the Individual Defendants discuss in their affidavit involves Star Hospitality, LLC—an entity separate from HR&F—that was allegedly involved in the pursuit of a Motel 6 franchise in New Jersey. There is no information in the affidavit that

---

[4] The Fourth Circuit requires that "an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court. Federal Rule of Civil Procedure 56(e) specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge. Thus, summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Tech. Applications and Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (citations omitted). Further, Fed. R. Civ. P. 56(e)(1) requires that affidavits filed in opposition to a motion for summary judgment "shall be made on personal knowledge." "Thus, in the absence of an affirmative showing of personal knowledge of specific facts, a court cannot consider such an affidavit in making its summary judgment determination." *Guseh v. North Carolina Gen'l Hosp.*, 423 F. Supp. 2d 550, 555 (M.D.N.C. 2005).

disputes the existence and ownership of the Personal Guaranty and the failure of the Individual Defendants to pay the liability of HR&F.  While it appears that the Individual Defendants allege they attempted to negotiate a settlement or offset of HR&F's obligations in conjunction with Star Hospitality's New Jersey venture, this information is irrelevant to the court's determination of whether the Individual Defendants signed and are liable pursuant to the Personal Guaranty for HR & F's now-established liability under the Franchise Agreement.

There is no genuine dispute that the Individual Defendants executed the Personal Guaranty of HR & F's obligations under the Franchise Agreement, as the Individual Defendants so admit in paragraph three of their Answer: "Defendants admit the allegations of Paragraphs . . . Twenty-Four (24), Twenty-Five (25) . . . of the Amended Complaint."  [Entry #17 at ¶ 3].

> Paragraph 24 of the Amended Complaint provides:
>
> In conjunction with signing the Franchise Agreement, the MAISURIAS provided ACCOR with a personal guaranty of HR & F HOTEL GROUP, LLC's obligations under the Franchise Agreement ("Guaranty"). The Guaranty is incorporated in the Franchise Agreement. See, Ex. A, Attachment 1 to the Franchise Agreement. [Entry #9 at ¶ 24].
>
> Paragraph 25 of the Amended Complaint provides:
>
> Pursuant to the terms of the Guaranty, the MAISURIAS individually and personally guaranteed to ACCOR the prompt payment and performance of all obligations of HR & F HOTEL GROUP, LLC under the Franchise Agreement. *Id.* at ¶ 25.
>
> The Franchise Agreement required HR & F to immediately pay all Franchise Fees

and Liquidated Damages due and owing upon termination, and both HR & F and the Individual Defendants failed to pay the same, despite their agreement under the Personal Guaranty.

In sum, Plaintiff has established, under Texas law, its claim against the Individual Defendants for breach of a guaranty: (1) the existence and ownership of the Personal Guaranty, (2) the terms of the underlying Franchise Agreement, (3) the termination of the Franchise Agreement through the filing of a mortgage foreclosure on and the appointment of a receiver for Motel 6 #4415, and (4) the failure or refusal by the Individual Defendants to pay the liability of HR & F. Therefore, the undersigned recommends that the court grant Plaintiff's motion for summary judgment against the Individual Defendants for breach of their Personal Guaranty.

Plaintiff seeks $88,438.96 in damages. [Entry #60-1 at 15]. This figure is based on $13,438.96 in past due fees [Entry #64-5] and $75,000 in liquidated damages provided for in Section 13.6 of the Franchise Agreement [Entry #60-3 at 24–27]. The undersigned finds Plaintiff's damages calculation to be reasonable and supported by the record and recommends judgment be entered for Plaintiff in the amount of $88,438.96 against HR & F and the Individual Defendants jointly and severally.

Pursuant to the Personal Guaranty, the Individual Defendants agreed to pay the costs, including attorneys' fees, incurred by Defendant in any action brought to enforce the Personal Guaranty. *Id.* at 38. Plaintiff seeks interest, late fees, attorneys' fees, and costs, but has not provided such damages for the court's calculation. To the extent

7

Plaintiff submits these damages through an affidavit and supporting documentation in its objections to this Report, the district judge may consider awarding those damages.

B.     Individual Defendants' Counterclaims

The Individual Defendants asserted counterclaims against Plaintiff for breach of an alleged oral agreement, unjust enrichment, and conversion. The court previously granted Plaintiff's motion to dismiss the counterclaim to the extent the Individual Defendants relied on the email exchange evidencing, in itself, an agreement to waive liquidated damages or settle the dispute. [Entry #37]. The Individual Defendants maintain that they have "an oral settlement agreement with ACCOR/G6 to apply $23,000 from the NJ hotel to any balance owed on the Rock Hill hotel and they agreed to waive any liquidated damages." [Entry #94 at ¶ 11].

In its motion, Plaintiff argues that summary judgment is appropriate because there is no evidence (1) that Plaintiff agreed to waive liquidated damages; (2) that the Individual Defendants paid Plaintiff any monies for a Motel 6 project in New Jersey; or (3) that Plaintiff agreed to apply funds paid in 2009 by non-party Star Hospitality to amounts owed by Defendants in 2011. The undersigned agrees.

The Individual Defendants allege they unsuccessfully attempted to obtain a refund of monies in conjunction with Star Hospitality's New Jersey venture:

> When we told Mr. Shaeffer that the NJ project was not going to be successful, Mr. Scaeffer said that he has to refund his $5,000 commission into the corporate account and we should get our $23,000 back. Therefore, I, Randhir Maisuria, asked Mr. Schaeffer for a refund, he told me that he is going to talk to the corporate office. Also, he has suggested talking to Mr.

8

> Dean Savas for a refund. I contacted Mr. Savas by phone to help get a refund, yet I did not hear back from him or the Accor Franchise. Mr. Savas did, however, tell me that he would not charge me for any liquidation fees, but I did not hear any further reconciliation.

[Entry #94 at ¶ 8]. A fair reading of the foregoing paragraph reveals that the Individual Defendants obtained no resolution to their settlement discussions because they did not hear back from Mr. Savas or the Accor Franchise. To the extent that the Individual Defendants recite what Mr. Savas allegedly said about not charging for any liquidation fees, that statement is barred from consideration as constituting impermissible hearsay.

Further, the Individual Defendants allege they unsuccessfully attempted to negotiate a settlement or offset of HR & F's obligations in conjunction with Star Hospitality's New Jersey venture:

> We discussed with Mr. Dean Savas how he should adjust the money we spent for the $23,000 on the N.J. project and that he would send us the credit back and he said he would see how he could make it work. I also never heard back from him regarding this matter. I kept in touch with Mr. Schaeffer in hopes that he would come to a conclusion but nothing came of it. He continued giving me false expectations saying this could all be resolved without any penalties and our N.J. project money would be returned.

[Entry #94 at ¶ 9]. A fair reading of the foregoing paragraph reveals that the Individual Defendants obtained no resolution to their discussions because they never heard back from Mr. Savas. To the extent that the Individual Defendants recite what Mr. Schaeffer allegedly said about not charging for penalties and returning their money, that statement is barred from consideration as constituting impermissible hearsay.

Independently, the Individual Defendants have not presented any written

documentation reflecting an oral agreement concerning a settlement or offset of HR & F's obligations in conjunction with Star Hospitality's New Jersey venture:

> Furthermore, I, Randhir Maisuria, sent an e-mail to Mr. Savas on July 13th, 2012 to try and work this issue out and to discuss further into a mutual agreement but instead, I simply just received an auto response e-mail which did not answer any of my pending questions. I then called him and told him orally that if I have to pay the HR&F balance of approximately $13,438.96 I will pay it, but the NJ project costs must be resolved. I am assuming that he did not want to refund the NJ project money, so he hired an attorney and filed a lawsuit against HR&F. Even though I proposed this idea, the franchise was not willing to cooperate and ignorantly kept telling me to pay the full $13,438.96 and would not return my $23,000 application fee.

[Entry #94 at ¶ 10]. A fair reading of the foregoing paragraph reveals that the Individual Defendants obtained no resolution to their discussions because they never heard back from Mr. Savas, and that they assumed that he did not intend to refund the money that Star Hospitality allegedly remitted for the New Jersey project.

Although the information submitted by the Individual Defendants in their affidavit may relate to claims Star Hospitality may have against Plaintiff for breach of contract, unjust enrichment, and conversion, the information does not demonstrate the existence of any genuine dispute of material fact relating to the Individual Defendants' counterclaims. The court has previously denied Defendants' request to compel discovery as to a transaction between Plaintiff and Star Hospitality. [Entry #59]. The court did direct Plaintiff to produce any and all documents that relate to an agreement and/or discussions concerning a setoff of Star Hospitality's payment for the benefit of Defendants' Rock Hill franchise. *Id.* Because the Individual Defendants have not produced any admissible

10

evidence of an actual agreement—and not merely a hope—of a setoff, the undersigned is constrained to recommend that Plaintiff's motion to dismiss Defendants' counterclaims also be granted.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion for summary judgment [Entry #60] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 9, 2014                                             Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).