IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Accor Franchising North America, LLC, a Delaware Limited Liability Company, | C.A. No.: 0:12-cv-02129-CMC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| HR&F Hotel Group, LLC, a South Carolina Limited Liability Company; Randhir Maisuria, an individual; and Heenaben B. Maisuria, an individual, | |
| Defendants. | |

This matter is before the court on Plaintiff's motion for summary judgment, filed July 16, 2013. Dkt. No. 60. For reasons stated below, the court grants Plaintiff's motion for summary judgment.

## BACKGROUND

On July 25, 2008, Plaintiff entered into a franchise agreement ("Franchise Agreement") with HR&F Hotel Group, LLC ("HR&F") to operate a Motel 6 hotel in Rock Hill, South Carolina ("Motel 6 #4415"). Dkt. No. 60-3. The Franchise Agreement provides HR&F will pay monthly royalty fees, a monthly marketing and reservation contribution, and other franchise-related fees ("Franchise Fees"). *Id.* at 7-9 (Section 4). HR&F agreed to pay a $50 late fee and interest of 1.5% per month on any overdue amount. *Id.* at 7 (Section 4.7). The Franchise Agreement provides that HR&F will be in default and all rights under the Franchise Agreement will automatically terminate upon, *inter alia*, (1) the filing of foreclosure on the mortgage of Motel 6 #4415 or (2) the appointment of a receiver for Motel 6 #4415 or any of HR&F's assets and property. *Id.* at 24-25 (Section 13.2). HR&F agreed that, should the Franchise Agreement be terminated as a result of HR&F's default,

HR&F will be responsible for liquidated damages of not less than $75,000, as well as other monies due under the Franchise Agreement. *Id.* at 26-27 (Section 13.6). The prevailing party in any suit or proceeding brought to enforce rights under the Franchise Agreement shall be entitled to recover reasonable attorneys' fees and court costs. *Id.* at 34 (Section 22.8). The Franchise Agreement provides the performance and interpretation of its terms is governed by Texas law. *Id.* at 33 (Section 22.1).

Randhir and Heenaben B. Maisuria ("Individual Defendants") provided Plaintiff with a personal guaranty of HR&F's obligations under the Franchise Agreement ("Personal Guaranty"). *Id.* at 38-39. Pursuant to the Personal Guaranty, the Individual Defendants also agreed to pay costs, including attorneys' fees, incurred by Plaintiff in any action brought to enforce the Personal Guaranty. *Id.* at 38.

On May 26, 2010, a South Carolina state court judge appointed a receiver for Motel 6 #4415 after foreclosure proceedings were initiated on the property's mortgage. As a result, on January 7, 2011, Plaintiff notified HR&F by letter that the Franchise Agreement was terminated, and demanded payment of $13,438.96 in past due fees and $21,847.68 in liquidated damages.

On July 30, 2012, Plaintiff filed this action. Dkt. No. 1. On August 6, 2012, Plaintiff filed an amended complaint, alleging claims of breach of the Franchise Agreement and Personal Guaranty, an audit, and unjust enrichment. Dkt. No. 9. On September 24, 2012, Defendants filed counterclaims for breach of an alleged oral settlement agreement, unjust enrichment, and conversion. Dkt. No. 17.

As to their counterclaim for breach of an alleged oral settlement agreement, Defendants allege that an agent of Plaintiff agreed "to waive any claim for liquidated damages related to the

2

Rock Hill Motel 6 location upon payment of alleged franchise fees in the amount of $13,438.96." *Id.* at ¶ 29. Defendants also allege that they "paid $23,000.00 to Plaintiff regarding a Motel 6 project in the State of New Jersey[, which] never materialized." *Id.* at ¶ 30. Defendants allege Plaintiff never returned this money and, in 2011, "the parties agreed to apply the monies paid on behalf of the New Jersey Motel 6 project to the alleged past due franchise fees related to the Rock Hill Motel 6 project." *Id.*

On July 16, 2013, Plaintiff filed a motion for summary judgment on all claims. Counsel for Defendants filed a motion to withdraw as counsel prior to Defendants' deadline to respond to Plaintiff's motion for summary judgment. The court granted the motion to withdraw after providing Defendants an opportunity to obtain replacement counsel and informing HR&F that it would be in default should replacement counsel not appear. *See* Dkt. No. 77 (explaining that a limited liability company may not proceed without counsel). On August 26, 2013, the clerk entered default as to HR&F. Dkt. No. 84. As a result of the Individual Defendants proceeding *pro se*, and in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

The Individual Defendants did not respond to Plaintiff's motion for summary judgment and the Magistrate Judge issued a Report on September 10, 2013, recommending that the motion be granted as unopposed. Dkt. No. 92. On September 16, 2013, the Individual Defendants filed an affidavit with exhibits, which, although untimely, the court construed as an opposition to Plaintiff's motion for summary judgment. Dkt. Nos. 94, 95. The court remanded the matter to the Magistrate Judge for consideration of Plaintiff's motion in light of the Individual Defendants' opposition. Dkt.

No. 95. After additional briefing, the Magistrate Judge issued a Report on January 9, 2014, recommending that Plaintiff's motion for summary judgment be granted. Dkt. No. 109.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## DISCUSSION

As a result of its default, HR&F is liable to Plaintiff.[1] The only remaining issues are whether the Individual Defendants are liable to Plaintiff as a result of the Personal Guaranty, whether the Individual Defendants can prevail on their counterclaims against Plaintiff, and the amount of damages as to which HR&F and the Individual Defendants are liable to Plaintiff.

As to Plaintiff's claim against the Individual Defendants for breach of the Personal Guaranty,

---

[1] Where a complaint is not "for a sum certain or a sum that can be made certain by calculation," the court must determine the amount of damages to be awarded. Fed. R. Civ. Pr. 55(b). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. Pr. 54(c). In the Amended Complaint, Plaintiff seeks $88,438.96 in unpaid Franchise Fees and liquidated damages, as well as interest, late fees, and attorneys' fees and costs. Here, the court has considered the parties' briefs filed in connection with the motion for summary judgment, as well as the objections to the Reports and responses to the objections, to determine the amount of damages for interest and late fees. As explained below, although the court finds that Plaintiff is entitled to an award of attorneys' fees and costs, the court does not determine the amount of the award at this time.

the Report concludes that, under Texas law, Plaintiff has established it is entitled to summary judgment. As a result, the Report finds that the Individual Defendants are liable for $88,438.96 in damages, which is $13,438.96 in past due Franchise Fees and $75,000 in liquidated damages, as sought in the Amended Complaint. The Report notes that Plaintiff also sought interest and late fees on the outstanding Franchise Fees, and attorneys' fees and costs, but did not submit any documentation to support these fees with its motion for summary judgment. The Report recommends that Plaintiff submit, by way of objection, its calculations for interest, late fees, and attorneys' fees and costs for the court to determine the award amount.

The Individual Defendants asserted counterclaims against Plaintiff for breach of an alleged oral agreement, unjust enrichment, and conversion. The Individual Defendants allege they have "an oral settlement agreement with ACCOR/G6 to apply $23,000 from the NJ hotel to any balance owed on the Rock Hill hotel and they agreed to waive any liquidated damages." The Report finds that there is no evidence of an oral settlement agreement. Further, the Report finds that although the evidence submitted by the Individual Defendants may relate to claims Star Hospitality, LLC may have against Plaintiff, the evidence does not support any claim alleged by the Individual Defendants. The Report, therefore, recommends that summary judgment be entered for Plaintiff as to the Individual Defendants' counterclaims.

**Individual Defendants' Objections.**[2] On January 21, 2014, the Individual Defendants filed objections to the Report, essentially presenting the same evidence already presented to the Magistrate

---

[2] The Individual Defendants' objections are presented through an affidavit signed by them, as well as several exhibits.

Judge but providing two additional exhibits of email correspondence.[3] Dkt. No. 111. Plaintiff replied on February 6, 2014.[4] Dkt. No. 115. The Individual Defendants' objections relate to their counterclaims: (1) there is email evidence between Randhir Maisuria and an agent for Plaintiff referencing the oral settlement agreement; (2) the Magistrate Judge erred in finding statements should be excluded as hearsay because the statements were made by Plaintiff's agent; (3) there is evidence of a check paid to Plaintiff for the New Jersey hotel from a personal account; and (4) Plaintiff agreed to apply a $23,000 payment for the New Jersey hotel to the debt owed by HR&F in this case.

The Individual Defendants argue that the Magistrate Judge erred in finding that certain statements made by Plaintiff's agents were inadmissible as hearsay.[5] The Individual Defendants contend that, because the statements were made by Plaintiff's agents, they are admissible as party admissions. Assuming without deciding that the Individual Defendants' averments are admissible

---

[3] The first new exhibit is an email (dated October 15, 2009) from an employee of Plaintiff to Randhir Maisuria, in which the employee asks Randhir to "pay the $10,000 that is owed for Avenal as soon as possible (or at least $5,000 now)." Dkt. No. 111-2. The second new exhibit is an email from Randhir to a different employee of Plaintiff, in which Randhir writes:
> We have spoke [*sic*] about open [*sic*] case of HR&F hotel, Motel 6, Rock Hill, SC to resolve the case. I have not heard from you from then. Would you please spend little [*sic*] time on this issue to resolve the case as soon as possible.

Dkt. No. 111-3.

[4] Plaintiff filed its reply as "Plaintiff's response and motion to strike the objection" of Individual Defendants. Dkt. No. 115. Because Plaintiff's reply is merely a response to the Individual Defendants' objections, the court denies Plaintiff's motion to strike to the extent it was intended to be treated as a separate motion.

[5] The Magistrate Judge found that "what [Plaintiff's agent] Mr. Savas allegedly said about not charging for any liquidation fees . . . is barred from consideration as constituting impermissible hearsay." Report at 9. The Magistrate Judge also found that "what [Plaintiff's agent] Mr. Schaeffer allegedly said about not charging for penalties and returning their money . . . is barred from consideration as constituting impermissible hearsay." *Id.*

6

non hearsay, and are not otherwise inadmissible as settlement negotiations, the court finds that the Individual Defendants' cannot succeed on their counterclaims.

As explained in the Report, the Individual Defendants' affidavit (Dkt. No. 94) indicates they attempted to obtain a refund for monies paid in connection with Star Hospitality LLC's New Jersey hotel, but did not reach agreement because Randhir did not hear back from Plaintiff. Nothing provided by the Individual Defendants with their objections demonstrates that there was an oral settlement agreement reached between them and Plaintiff. The evidence, at most, shows that there were discussions of offsetting the debts owed by HR&F for monies paid by or on behalf of Star Hospitality.[6]

To the extent the Individual Defendants argue that Plaintiff owes a refund to Star Hospitality, LLC, that counterclaim is not before the court as Star Hospitality, LLC is not a party to this action. Further, any counterclaim by HR&F is lost by virtue of HR&F's default.

Finally, in their objections, the Individual Defendants state that they "have made payment to [Plaintiff] for NJ Project (Star Hospitality, llc) from personal account," and attach an exhibit of a check dated March 11, 2010 for $5,000 written to Plaintiff on the personal account of "Heena Maisuria." Dkt. Nos. 111 at ¶ 7; 111-4 at 1.[7] The memo line of the check states "Star Hospitality LLC, (Stock Investment) Franchise Fee." This check suggests that Heenaben Maisuria wrote a check

---

[6] The Individual Defendants also aver that, through the discussions about a refund of the $23,000 paid on the New Jersey hotel, Plaintiff's agent told Randhir "he would not charge me for any liquidation fees, but I did not hear any further reconciliation." It is unclear from the Individual Defendants' affidavit if the liquidation fees discussed were those owed by Star Hospitality, LLC or HR&F.

[7] This check was also attached as an exhibit to the Individual Defendants' affidavit filed on September 16, 2013. Dkt. No. 94-2 at 17.

to Plaintiff on behalf of Star Hospitality, LLC, and does not support the Individual Defendants' counterclaims.

**Plaintiff's Objections.** On January 27, 2014, Plaintiff filed an objection to the Report, submitting information to support its damages calculations for interest, late fees, and attorneys' fees and costs. Dkt. No. 112. The Individual Defendants filed a reply to Plaintiff's calculations on March 10, 2014. Dkt. No. 120.[8]

In addition to the specific amount of damages set forth in the Amended Complaint ($13,438.96 in past due Franchise Fees and $75,000 in liquidated damages), Plaintiff seeks interest and late fees in the amount of $11,052.88 pursuant to Section 4.7 of the Franchise Agreement. Plaintiff also seeks attorneys' fees and costs in the amount of $71,322.60 pursuant to Section 22.8 of the Franchise Agreement and the Personal Guaranty.

The Individual Defendants do not address Plaintiff's calculation of interest and late fees on the unpaid Franchise Fees. The court has reviewed the affidavit in support of Plaintiff's calculation of interest and late fees and finds that it is supported by the Franchise Agreement. The interest and late fees on the unpaid franchise fees total $11,052.88.

The Individual Defendants object to the attorneys' fees as unreasonably high, that three attorneys were out-of-state attorneys and did not sign any pleadings, and that the affidavit explaining the fees was signed by only one attorney. They also argue that it is impossible for the court to make a reasonableness determination because the attorney affidavit did not itemize the work performed, but rather simply listed the total hours worked and billable rate of each attorney. Finally, the Individual Defendants contend that speculative attorneys' fees for services performed for potential

---

[8] Plaintiff filed a reply to the Individual Defendants' reply on March 17, 2014. Dkt. No. 121.

appeals to the Fourth Circuit and the United States Supreme Court are not proper.

The court agrees with the Report that Plaintiff is entitled to an award of attorneys' fees and costs in this action pursuant to Section 22.8 of the Franchise Agreement and pursuant to the Personal Guaranty. Despite the Report's suggestion that Plaintiff submit its calculations for attorneys' fees and costs as an objection to the Report, the court declines to determine the amount of attorneys' fees and costs at this time. Plaintiff may file a post-judgment motion for attorneys' fees and costs. Prior to filing any such motion, Plaintiff should review Fourth Circuit law related to motions for attorneys' fees and supporting evidence. *See, e.g.*, *Grissom v. Mills Corp.*, 549 F.3d 313 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978). Attorneys' fees and costs for speculative work will not be awarded.

Having considered the portions of the Report to which the Individual Defendants lodged objections *de novo*, the court reaches the same conclusions as the Report, except as to the Report's evidentiary rulings:

(1) HR&F is in default and is, therefore, liable for the damages sought in the Amended Complaint: $13,438.96 in past due Franchise Fees; $75,000 in liquidated damages; $11,052.88 in interest and late fees; and attorneys' fees and costs.

(2) The Individual Defendants are liable for HR&F's debt, as described above, based on the Personal Guaranty.[9]

---

[9] Even without consideration of HR&F's default, Plaintiff has presented substantial evidence of the amounts owed to Plaintiff by HR&F and the Individual Defendants. The Individual Defendants have failed to present evidence to create a genuine issue of material fact as to the amounts owed to Plaintiff. The only evidence presented by the Individual Defendants relates to an oral settlement agreement, which is insufficient to create a genuine issue of material fact for the reasons described above.

(3) Any claim for money due to Star Hospitality, LLC belongs to Star Hospitality, LLC, which is not a party to this action. The Individual Defendants' counterclaims, therefore, fail.

## CONCLUSION

For reasons stated above, the court adopts the Report's recommendation to grant Plaintiff's motion for summary judgment. The clerk is directed to enter judgment jointly and severally against all Defendants in the amount of $99,491.84 (representing $13,438.96 in past due Franchise Fees; $75,000 in liquidated damages; $11,052.88 in interest and late fees).

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 18, 2014