**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Accor Franchising North America, LLC, ) <br> a Delaware Limited Liability Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HR&F Hotel Group, LLC, a South Carolina ) <br> Limited Liability Company; Randhir ) <br> Maisuria, an individual; and Heenaben ) <br> B. Maisuria, an individual, ) <br> ) <br> Defendants. ) <br> ───────────────────────────── ) | C.A. No.: 0:12-cv-02129-CMC <br> <br> **OPINION AND ORDER** |

This matter is before the court on Plaintiff's motion for attorneys' fees and costs. ECF No. 125. For reasons stated below, the court grants Plaintiff's motion for attorneys' fees and costs in a reduced amount.

**BACKGROUND**

On March 18, 2014, the court granted Plaintiff's motion for summary judgment, finding HR&F Hotel Group, LLC ("HR&F") in default and liable for $99,491.84 and Randhir Maisuria and Heenaben B. Maisuria ("the Individual Defendants") liable for HR&F's debts due to the Personal Guaranty. ECF No. 122. The court also found that Plaintiff is entitled to attorneys' fees and costs in this action pursuant to Section 22.8 of the Franchise Agreement and pursuant to the Personal Guaranty. *Id.* at 9. The court, however, declined to award attorneys' fees and costs pre-judgment and informed Plaintiff that it could file a post-judgment motion for attorneys' fees. *Id.* The court instructed Plaintiff to comply with Fourth Circuit law should it file such a motion. *Id.* (citing *Grissom v. Mills Corp.*, 549 F.3d 313 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978)).

On April 1, 2014, Plaintiff filed a motion for attorneys' fees and costs. ECF No. 125. Plaintiff seeks $56,972.60, which includes $56,487.50 in attorneys' fees and $485.10 in costs. Plaintiff also seeks post-judgment interest pursuant to Local Civil Rule 54.02(B). Defendants did not respond to Plaintiff's motion and the deadline for doing so has passed.[1]

## STANDARD

"The proper calculation of an attorney's fee award involves a three-step process." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First, the "court must 'determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *Id.* (quoting *Robinson v. Equifax Info. Servs.*, 560 F.3d 235 (4th Cir. 2009)). To determine what constitutes a reasonable number of hours and the appropriate hourly rates, a court should consider the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)). Second, after determining the lodestar figure, the court should then "subtract fees for hours spent on unsuccessful claims unrelated to successful

---

[1] The Individual Defendants responded to Plaintiff's prior motion for attorneys' fees and costs, which was submitted as an objection to the Report and Recommendation on Plaintiff's motion for summary judgment. ECF No. 120.

ones." *Id.* Third, the court should "then award[] some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). As the Fourth Circuit has explained:

> [D]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

*Plyler*, 902 F.2d at 277 (internal quotation marks and citations omitted). Further, this court's Local Rule 54.02(A) provides that attorney's fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Rule 54.02(A) (D.S.C.).

## DISCUSSION

In support of its motion for attorneys' fees and costs, Plaintiff submitted the following: (1) the affidavit of Mary Goodrich Nix, pro-hac vice counsel, which includes a calculation of attorneys' fees and costs incurred in this matter, as well as an analysis of the *Barber* factors; (2) redacted copies of fee statements from counsel representing Plaintiff; and (3) the affidavit of Kenneth Wingate, a member of the law firm acting as local counsel in this case, purporting to set forth the prevailing hourly rate for attorneys in the District of South Carolina of similar skill and for similar work.

Although it appears Plaintiff attempted to provide support for its motion for attorneys' fees,

Plaintiff's support is inadequate. First, the redacted fee statements provide nothing but the total hours worked by each lawyer in the case without a description of the work completed. Plaintiff stated that "[t]he fee statements have been redacted to protect communications and descriptions that are subject to attorney-client privilege and the work product doctrine." ECF No. 125 at 3. Although the fee statements likely contain some privileged or protected information, redacting all of the services performed and hours spent performing those services is overbroad and unhelpful to the court's determination of reasonableness of hours. *See generally Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) ("'[T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.'" (internal citation omitted)). Based on Plaintiff's omission of any description of services performed, and the court's inability to determine whether counsels' hours are excessive, redundant, or otherwise unnecessary, the court is faced with the alternative of denying Plaintiff's motion in its entirety or awarding a reduction in hours. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (explaining that excessive, redundant, or otherwise unnecessary hours should be reduced from fee award). Although this case began on July 30, 2012 with the filing of a complaint, proceeded through written discovery, and was resolved on a motion for summary judgment after one Defendant defaulted, no depositions appear to have been taken, the issues were not novel, and it is difficult for the court to determine without further documentation why this case necessitated 230.8 attorney hours and 21 paralegal hours. After reviewing the history of the case

and the documents filed in the record, as well as the *Barber* factors, the court finds half of the hours requested reasonable: 126.4 total hours (115.4 attorney hours and 10.5 paralegal hours).

Plaintiff's second evidentiary problem involves the attorney rate sought. In an attempt to provide evidence of the prevailing market rate in this District, Plaintiff submitted an affidavit prepared by Mr. Wingate, who is not an attorney of record in this case but is a member of the law firm serving as local counsel:

> I have reviewed the Affidavit of Mary Goodrich Nix in Support of Plaintiff's Motion for Attorneys' Fees and Costs and find the requested attorneys' fees and costs to be reasonable under applicable South Carolina law and in accord with the fees customarily charged by my firm and attorneys in Columbia, South Carolina for similar services.

ECF No. 125-4 at 1-2.[2] The attorney rates that Mr. Wingate finds to be "in accord with the fees charged by [his] firm and attorneys in Columbia, South Carolina for similar services" range from $225 to $375 an hour.[3] The court finds that a law partner's affidavit is not satisfactory evidence to establish the prevailing market rate. *See Robinson*, 560 F.3d at 244 (discussing requirement that party seeking attorney's fees submit an affidavit from an attorney outside of own law firm regarding the prevailing market rates of attorneys in the community for similar work). Without additional support for the requested rates, Plaintiff has not met its burden of establishing the prevailing market rate. Rather than denying fees outright, the court will approve an hourly rate of $126 for attorneys

---

[2] The affidavit submitted by Ms. Nix similarly states that the attorneys' fees sought "are customary and reasonable in Columbia, South Carolina and Dallas, Texas." ECF No. 125-2 at 6. Plaintiff essentially has presented an affidavit from out-of-state counsel attesting to the reasonableness of the attorney rates sought by local counsel and an affidavit from local counsel (albeit not counsel of record, but a member of local counsel's law firm) attesting to the reasonableness of the attorney rates sought by out-of-state counsel.

[3] The paralegal rate Plaintiff seeks is $125 an hour.

5

and $35 for paralegals. These rates correspond to the rates paid to attorneys providing service under the Criminal Justice Act, 18 U.S.C. § 3006A. The court, therefore, grants Plaintiff's motion for attorneys' fees in the amount of $14,907.90, which represents 115.4 attorney hours at $126 an hour and 10.5 paralegal hours at $35 an hour.

The court also awards costs in the amount requested: $485.10.

## CONCLUSION

For reasons stated above, the court grants Plaintiff's motion for attorneys' fees in the amount of $15,393.00, which includes $14,907.90 in attorneys' fees (representing 115.4 attorney hours at $126 an hour and 10.5 paralegal hours at $35 an hour) and $485.10 in costs. The court also awards Plaintiff post-judgment interest as provided in Local Civil Rule 54.02(B).

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
April 28, 2014

6